UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

C/A NO.:  4:18-cv-03601-RBH-BM

| | | |
|---|---|---|
| Lieutenant Bessie A. Gause, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(Jury Trial Demanded)** |
| City of Marion and Dewayne Tennie, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The Plaintiff, Bessie A. Gause, complaining of the Defendants, City of Marion, South Carolina and Dewayne Tennie, would respectfully show the following unto this Honorable Court:

**PARTIES**

1.    The Plaintiff, Lieutenant Bessie Gause, is a female, employed by the City of Marion, South Carolina, and a resident of Marion County, South Carolina.

2.    At all times pertinent, Defendant City of Marion is in Marion County, South Carolina, and is Lieutenant Gause's employer within the meaning of Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. 2000 (et. seq).

3.    At all times pertinent, Defendant Tennie was the Chief of Police at the City of Marion, an agent of the City of Marion, Lieutenant Gause's supervisor, and a resident of Marion County, South Carolina.

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5.  This District possesses venue of this matter pursuant to 42 U.S.C. § 2000e-5(f).  This Court also possesses supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

5.      On March 22, 2018, Lieutenant Gause filed the attached complaint with the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), which referred the complaint to the South Carolina Human Affairs Commission (hereinafter "SCHAC").  Ninety (90) days have passed since Lieutenant Gause filed the EEOC complaint, a decision has not been rendered by the EEOC or SCHAC, and the U.S. Department of Justice.  Lieutenant Gause received the attached Notice of Right to Sue dated November 27, 2018.

**FACTS**

6.      Lieutenant Gause began employment with the City of Marion Police Department on or around February, 2008.  Her current rank is Lieutenant over patrol.

7.      Defendant Tennie became Chief of Marion Police Department in 2014.

8.      In 2014, Lieutenant Gause broke up with her boyfriend. Chief Tennie heard about the breakup and told Lieutenant Gause that she could come to his house to talk if she would like. Two or three days later he again asked Lieutenant Gause to come to his house. Lieutenant Gause did go to Chief Tennie's home and Chief Tennie began making sexual advances toward Lieutenant Gause and the two had sexual relations.

9.    This sexual relationship continued for one to two months and Lieutenant Gause began to have feelings for Chief Tennie, but Chief Tennie informed Lieutenant Gause that their relationship was only sexual. Lieutenant Gause then told Chief Tennie she wanted their affair to stop, so it did for a while.

10.    Around April of 2015, Lieutenant Gause was dating someone and posted photographs of herself and her boyfriend on Facebook. Chief Tennie called Lieutenant Gause and questioned her extensively about her "cracker" boyfriend. She told Chief Tennie it was none of his business. Chief Tennie began making comments to Lieutenant Gause regarding he thought the two of them had something going on. Lieutenant Gause reminded Chief Tennie that he had said it was just sex. Chief Tennie said it wasn't just sex.

11.    Chief Tennie started frequently calling Lieutenant Gause asking her for one more chance, so around May of 2015 Lieutenant Gause broke up with her boyfriend. Chief Tennie then began ignoring Lieutenant Gause again.

12.    Lieutenant Gause began dating someone in 2016. Chief Tennie found out that Lieutenant Gause had another boyfriend and called Lieutenant Gause into his office inquiring if she was dating someone. Lieutenant Gause told Chief Tennie it was none of his business. Again, Chief Tennie begged her to break up with her new boyfriend.

13.    In 2016, Lieutenant Gause was leaving for court, and Chief Tennie called her into his office. She told Chief Tennie she was due in court and Chief Tennie responded, "I am the Chief!" Lieutenant Gause and Chief Tennie had sexual relations in his office and Lieutenant Gause was five to ten minutes late for court. The look on people's faces in the courtroom made Lieutenant Gause feel

like they knew why she was late for court, and Lieutenant Gause also missed her case when it was called on the roster. Chief Tennie told Lieutenant Gause if anyone said anything about her being late to let them know that he was the Chief.

14.    Chief Tennie continued to harass Lieutenant Gause regarding breaking up with her boyfriend. Lieutenant Gause did break up and Chief Tennie once again left Lieutenant Gause alone.

15.    In 2016 Chief Tennie ran for the office of Sheriff of Marion County. At that time Chief Tennie was dating someone by the name of Regina. He told Lieutenant Gause that he was not dating Regina and would not leave Lieutenant Gause alone.

16.    Lieutenant Gause was texting on her phone with a male friend. Chief Tennie came up and began to read the text and didn't like it. He grabbed and twisted Lieutenant Gause's wrist and put his fist up like he was going to hit Lieutenant Gause. Lieutenant Gause threatened to call the Sheriff. Chief Tennie said, "We will both lose our jobs."

17.    Chief Tennie began calling Lieutenant Gause names like slut and whore. These comments made Lieutenant Gause feel so low that she didn't want to be around Chief Tennie anymore and Lieutenant Gause was contemplating quitting her job. Chief Tennie begged her not to quit and told Lieutenant Gause that he loved her, that she was the only one and that it would never happen again.

18.    Over the course of the next few months, Chief Tennie and Lieutenant Gause either had sexual relations at Chief Tennie's home or in Chief Tennie's office up to three times per week.

19.    In September of 2017, Chief Tennie began dating a lady by the name of Angela. At the same time he continued to pursue Lieutenant Gause. Chief Tennie told Lieutenant Gause that Angela was a good girl but that Lieutenant Gause's pussy was so good that he didn't want to let it go.

20.    A few weeks later Chief Tennie broke up with "Angela." He immediately began calling Lieutenant Gause asking for her to come to his house just to talk, that he wasn't going to try to do anything. Chief Tennie picked up Lieutenant Gause from her home and drove her to his home. Once inside, Chief Tennie forced himself on Lieutenant Gause, got on top of her, forced himself inside of her and raped Lieutenant Gause. Lieutenant Gause began to cry and shout, "Take me home! You raped me!" Chief Tennie commented that he couldn't have raped Lieutenant Gause because Lieutenant Gause's body eventually responded to his.

21.    Around November of 2017, Chief Tennie picked up Lieutenant Gause and took her to a motel in Bennettsville, South Carolina. Another lady, Eunice McClain, came to their room. Chief Tennie talked them into having a three-some. Chief Tennie got upset because Lieutenant Gause was not getting into it. On the way home Lieutenant Gause was feeling very low and stated, "I hate men!" Chief Tennie told her she was a turnoff to men because she was 44 years old and still lived with her mother.

22.    Chief Tennie sent numerous messages from his Department cell phone to Lieutenant Gause. Lieutenant Gause would reply back with, "Leave me alone!" Lieutenant Gause threatened to go to the mayor if Chief Tennie didn't

leave her alone. On one occasion Chief Tennie responded back with, "I have kids. You can't go to mayor. I want you, your pussy is good, hers is bad."

23.    In December of 2017, Chief Tennie had pursued Lieutenant Gause so much that she had sexual relations with him again.

24.    In February of 2018, Lieutenant Gause began dating again. When Chief Tennie found out, he asked Lieutenant Gause when her boyfriend did her wrong who was she going to run back to, that he couldn't give up that good pussy and asked to have sex one more time and that he would then leave her alone. She consented, but Lieutenant Gause had just learned that her twenty year old gay son was HIV positive, so she told Chief Tennie she wanted them to use protection from now on. He agreed, so they went to his house and began having oral sex but Chief Tennie could not get an erection, so he began to run his penis on Lieutenant Gause and was able to get an erection. Lieutenant Gause told Chief Tennie to put a condom on but he wouldn't stop and kept going. Lieutenant Gause pushed Chief Tennie off of her. He grabbed her arms and forced himself inside of her.

25.    Chief Tennie would call Lieutenant Gause when he knew Lieutenant Gause would be with her boyfriend and then make a comment about hoping he didn't get her in trouble with her boyfriend.

26.    Chief Tennie would consistently call Lieutenant Gause wanting to have sexual relations. When Lieutenant Gause did not want to have relations with Chief Tennie he would make her job "a living hell." On one occasion Chief Tennie yelled at Lieutenant Gause in the presence of the Marion City Clerk of Court, the Victim's Advocate and a City Police Officer in the courtroom while court was in session asking Lieutenant Gause didn't she hear the receptionist calling for

someone to fingerprint an individual. Lieutenant Gause's radio was off because it is a rule that all radios must be turned off while court is in session.

27.    When Lieutenant Gause told Chief Tennie she did not want to have a relationship with him anymore, Chief Tennie threatened her stating that is how people get hurt.

28.    Chief Tennie forced me to have sex with him because he was my supervisor, he threatened me, and he raped me.

### FOR A FIRST CAUSE OF ACTION
### (Sexual Harassment)

29.    Lieutenant Gause realleges and reincorporates the allegations set forth in Paragraphs 1 through 28 above as fully as if set forth verbatim herein.

30.    Lieutenant Gause was subjected to unwelcome, offensive, and harassing sexual harassment by reason of her sex, which Lieutenant Gause rejected.

31.    The City of Marion was and is aware of the illegal sexual harassment, and failed and continues to fail to take corrective action.

32.    The sexual harassment was sufficiently severe and pervasive so as to unreasonably interfere with Lieutenant Gause's work performance and physical health so as to create an intimidating, hostile, and offensive working environment.

33.    As a direct and proximate result of the harassing and hostile sexual environment, Lieutenant Gause has suffered job retaliation, great embarrassment, humiliation, and mental and physical anguish.

**FOR A SECOND CAUSE OF ACTION**
**(Sexual Discrimination)**

34.    Lieutenant Gause realleges and reincorporates the allegations set forth in Paragraphs 1 through 28 above as fully as if set forth verbatim herein.

35.    During the course of Lieutenant Gause's employment with Defendants, Defendants, by and through their agents and employees, discriminated against Lieutenant Gause in the terms, conditions, and privileges of her employment in various ways, in substantial part because of her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

36.    The above-described unwelcome sexual discrimination created an intimidating, oppressive, hostile and offensive work environment, which resulted in job demotion and interfered and interferes with Lieutenant Gause's job and emotional and physical well-being.

37.    As a result of the hostile and offensive work environment perpetrated by Defendants and their agents and maintained by Defendants, and Defendants' failure to protect Lieutenant Gause from such discrimination, Lieutenant Gause suffered and suffers job discrimination, humiliation, emotional distress, and physical pain.

38.    Defendants, through their agents and supervisors, failed to adequately supervise, control, discipline, and otherwise penalize the conduct, acts, and failures to act described above.

39.    Defendants failed to take all reasonable and necessary steps to eliminate sexual harassment and sexual discrimination in the workplace and to prevent it from occurring in the future.

40.    Defendants violated and violate the Civil Rights Act (as amended), 42 U.S.C. 2000 (et. seq).

**FOR A THIRD CAUSE OF ACTION**
**(Retaliation)**

41.    Lieutenant Gause realleges and reincorporates the allegations set forth in Paragraphs 1 through 28 above as fully as if set forth verbatim herein.

42.    Defendants, by and through their agents, illegally retaliated and continue to retaliate against Lieutenant Gause by unjustly subjecting her to unjust scrutiny, false allegations of misconduct, unwelcome and derisive comments, and job demotion because she reported the sexual harassment and sexual discrimination.  Defendants had no legitimate reasons for any such acts of retaliation.  Each act of retaliation was and is in violation of Title VII of the Civil Rights Act of 1964.

43.    As a result of the illegal retaliation perpetrated by Defendants and their agents and maintained by Defendants, and Defendants' failure to protect Lieutenant Gause from such discrimination, Lieutenant Gause suffered and suffers job discrimination, humiliation, emotional distress, and physical pain.

**FOR A FOURTH CAUSE OF ACTION**
**(Slander and Defamation per se Against Defendant Tennie)**

44.    Lieutenant Gause realleges and reincorporates the allegations set forth in Paragraphs 1 through 28 above as fully as if set forth verbatim herein.

45.    Defendant Tennie has made public, untrue, slanderous, and defamatory statements about Lieutenant Gause's job performance and alleged failure to follow the law as a police officer.

46.    As a direct and proximate result of Defendant Tennie's untrue, slanderous, and defamatory public statements, Lieutenant Gause has suffered job retaliation, great embarrassment, humiliation, and mental and physical anguish.

### FOR A FIFTH CAUSE OF ACTION
### (Assault and Battery)

47.    Lieutenant Gause realleges and reincorporates the allegations set forth in Paragraphs 1 through 28 above as fully as if set forth verbatim herein.

48.    Defendant Tennie assaulted, battered, and raped Lieutenant Gause.

49.    The City of Marion knew Chief Tennie was a serial sexual harasser and did nothing to stop or prevent Chief Tennie from sexually assaulting and raping Lieutenant Gause.

50.    As a result of the assault and battery described above, Lieutenant Gause has suffered job retaliation, great embarrassment, humiliation, and mental and physical anguish and damage.

**WHEREFORE,** the Plaintiff, Lieutenant Bessie Gause, demands judgment against the Defendants in an amount that will compensate her for:

1.    Violation of her rights under Title VII of the Civil Rights Act of 1964;

2.    Compensatory damages including past and future lost wages, impairment of power to earn money, physical pain, emotional distress, and humiliation past and future, and past and future medical expenses;

3.    Punitive damages to punish the Defendants for their intentional, willful, wanton, oppressive, malicious, and grossly negligent conduct;

4.    A permanent injunction against future acts of discrimination, harassment, retaliation, and slander and defamation against Lieutenant Gause;

5. Trial by jury on all issues so triable;

6. Costs expended herein, including attorneys' and experts' fees;

7. Pre-judgment and post-judgment interest; and

8. Any and all other relief to which she may be entitled.

**ROBERT E. LEE, LLC**

By: s/Robert E. Lee
**ROBERT E. LEE**
Federal Bar No. 5509
P.O. Box 1096
Marion, SC 29571
(843) 423-1313
Fax: (843) 423-1397
Email: rel@rellawfirm.com

Marion, South Carolina
December 28, 2018

By: s/Paul Platte
**PAUL PLATTE**
**PAUL PLATTE, PA**
611 S. Ft. Harrison Ave.
Suite 252
Clearwater, FL  33756
Office:  (727) 474-1011
Email:  paul@paulplatte.com

*Attorneys for the Plaintiff*
*Lieutenant Bessie A. Gause*